UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

VALERUS COMPRESSION SERVICES, LP,

    Plaintiff,

v.                                          Case No.10-C-517

LONE STAR TRANSPORTATION, LLC,

    Defendant.

**DECISION AND ORDER**

    Defendant Lone Star Transportation, LLC has moved to transfer this Carmack Amendment case to the Southern District of Texas. Citing 28 U.S.C. § 1404(a), it argues that Texas provides a more convenient forum for resolution of this dispute. That section provides: "For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). For the reasons given below, the motion will be denied.

    The language of § 1404(a) "guides the court's evaluation of the particular circumstances of each case and is broad enough to allow the court to take into account all factors relevant to convenience and/or the interests of justice." *Research Automation, Inc. v. Schrader-Bridgeport Intern., Inc.,* 626 F.3d 973, 978 (7th Cir. 2010). Lone Star's position is that this is a dispute between two Texas companies about a trucking accident that occurred in Kansas. The connection with Wisconsin is minimal, and in fact many of the witnesses are located in Texas. As such, it would be more convenient to both sides to resolve the litigation there. Plaintiff Valerus argues,

however, that the cargo that was destroyed was manufactured by GE Oil & Gas, Inc. in Oshkosh, Wisconsin, and was returned there for inspection by GE employees following the accident. Moreover, the parties have already chosen Wisconsin-based counsel and have produced many or all of the documents that will be required in this case. In addition, it notes that this is not a case likely to go to trial, and the existence of electronic filing means it is unlikely that any of the parties or witnesses will ever have to travel to court.

Lone Star has accepted responsibility for the accident and does not dispute that the GE equipment was heavily damaged. Lone Star's defenses involve an allegation that Valerus failed to timely submit a notice of claim and failed to mitigate its damages. In other words, its defenses in this case involve what happened *after* the accident: did Valerus timely submit a notice of claim, and did Valerus mitigate its damages? Lone Star argues that these issues are primarily Texas issues, as they do not involve the condition of the GE equipment or any witnesses in Wisconsin.

Even if that is true, however, I am satisfied that the convenience of the parties would not be served by a transfer. First, it is clear that the case does have a significant connection with Wisconsin, and witnesses are located here. Second, the interest of justice tilts the scales toward keeping the case in this district. "The 'interest of justice' is a separate element of the transfer analysis that relates to the efficient administration of the court system." *Id.* Both sides seem to agree that this case will very likely not require a trial because it involves questions of law rather than factual disputes. The ability to appear via telephone and submit filings electronically obviates many practical concerns that existed decades ago. Moreover, it is undeniable that this case has already made significant progress. The complaint was filed on June 21, 2010 and answered on July 7. Discovery is to be completed by the end of next month and motions are to be filed in March.

Transferring the action to another court would likely result in a significant delay that is not justified by the convenience concerns Lone Star has cited. In sum, although I conclude that the Northern District of Texas would be a suitable venue for resolution of this dispute, the present status of this case and the progress made in this venue outweigh the issues cited by Lone Star. The motion to transfer is therefore **DENIED**.

      **SO ORDERED** this __26th__ day of January, 2011.

                                         s/ William C. Griesbach
                                         William C. Griesbach
                                         United States District Judge